IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| **WILLIAM TIDWELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:06cv900-MHT |
| **ESTATE OF VERNELL BRIAN** ) | |
| **MORRIS,** *et al.,* ) | |
| ) | |
| Defendants. ) | |

**REPLY OF PLAINTIFF IN RESPONSE TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

**COMES NOW** the Plaintiff, William Tidwell, by and through his undersigned attorney, and submits the following in support of Plaintiff's Motion to Remand previously filed in this case, and in further response to Defendants' opposition thereto.

1. In the response filed by Defendants [Doc. 8], Defendants assert that each of Plaintiff's four Counts seek damages in the amount of $75,000.00, and costs, and that at the time of the filing of the Complaint, the amount in controversy clearly totaled $300,000.00 and not the $75,000.00 as alleged in the affidavits attached to Plaintiff's Motion to Remand.

2. The Removal Statute as set forth in *28 U.S.C.S § 1441*, provides that "any civil action brought in state court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant or Defendants to the district court of the United States for the district and division embracing the place where such action is pending". However, it is the removing Defendant that bears the burden of establishing the right to invoke federal jurisdiction. See *e.g., B., v. Miller Brewing Co., 663 F. 2d 545 (5th Cir. 1981)*. In the present case, there has been no evidence presented that this case is valued at more that $75,000.00, in fact, Plaintiff has waived any claim for damages exceeding $75,000.00, and therefore, Defendants' burden of proving jurisdiction has not been carried.

3. Defendants assert that the Plaintiff attempts to amend his Complaint based on the Affidavits attached in the Motion to Remand and that the Court must evaluate this case on the status of the pleadings at the time of removal. "A plaintiff may submit affidavits and deposition transcripts along with the factual allegations contained in the verified complaint. The district court must then evaluate all of the factual allegations in the light most favorable to the plaintiff." (See *e.g., B., v. Miller Brewing Co., supra, 663 F.2d at 549*). In the case at issue, Plaintiff made no attempt to amend his Complaint through the Affidavits filed, but only to evidence his intent at the time the Complaint was originally filed.

**WHEREFORE,** Plaintiffs respectfully request, that based on the foregoing, that the Court will find that Defendants have not met their burden of proof, will determine that this Court lacks jurisdiction under the facts presented, and will Remand this

case back to State Court.

    Respectfully submitted on this the 26th day of October, 2006.

                                **/s/ Henry F. Lee, III**_____
                                **Henry F. Lee, III**
                                **ASB# 0832-E40H**
                                **Attorney for Plaintiff**
                                **P.O. Box 129**
                                **Geneva, AL   36340**
                                **Telephone: (334) 684-6406**
                                **Telecopier: (334) 684-2602**

## CERTIFICATE OF SERVICE

    I, Henry F. Lee, III, do hereby certify that I have this date electronically filed the foregoing with the Clerk of Court on the 26th day of October, 2006, using the CM/ECF system which will send notification of such filing to S. Anthony Higgins, Esq., Attorney for Defendants.

                                **/s/ Henry F. Lee, III**
                                **Of Counsel**